WRIGHT E. POST, Respondent, *v.* MANHATTAN RAILWAY
COMPANY *et al.*, Appellants.

*Court of Appeals, Dec.* 16, 1890.

*Appeal. First instance.*—A question, which was not litigated in the court
below and has been fairly presented by the evidence and rulings con-
tained in the record, cannot be presented for the first time on appeal
to the court of appeals.

Appeal from a judgment of the general term of the
court of common pleas, affirming a judgment entered upon
the decision of the court without a jury.

*Julien T. Davies*, for appellants.

*J. Langdon Ward*, for respondent.

EARL, J.—The defendants claim that the evidence shows
that during the term for which damages were allowed in this
action, the plaintiff was not in possession of the premises
damaged, but that they were in the possession of tenants under
him, and hence that he cannot maintain this action for the
recovery of such damages.   The answer to this claim is that
no such point appears to have been taken in the court below.
The defense that the premises were during the time stated
in the possession of tenants was in no way mentioned in the
answer, nor was it mentioned upon the trial.   All the evidence
in reference to the occupancy of the premises by tenants came
out incidentally.   It was not offered to show that the premises
were occupied by tenants, but simply to show how much the
plaintiff had been able to rent them for, and thus to show the
amount of his damages.   No leases were put in evidence, nor
were the terms or conditions of any lease or the nature of the
occupancy proved.

When the plaintiff offered evidence of the opinions of
competent witnesses as to the diminished rental value of the

premises for the purpose of showing his damages, the defendant did not object to the evidence on the ground that the plaintiff was not, being out of possession, entitled to recover such damages, but on the ground that the questions were incompetent, irrelevant, immaterial and conjectural, and that the witnesses were incompetent.

At the close of the plaintiff's evidence, and again at the close of all the evidence, the defendants moved for a non-suit on grounds specified, but not upon the ground that the plaintiff could not recover the damages while his tenants were in possession.

After the trial the defendants made to the trial judge various requests to make findings of facts and law, but none of them had any reference to the occupancy of the premises by tenants, or to the consequence of such occupancy.

While a very able and learned brief is made on behalf of the defendants to maintain the point that the plaintiff cannot legally recover damages because the premises were in the possession of his tenants, the point is not mentioned in the brief of the counsel for the plaintiff, and indeed he states that another point was the sole one argued and insisted upon by the defendants at the general term.

It is entirely clear that the point now relied upon for the reversal of this judgment was in no way brought to the attention of the trial judge, and that the case was tried before him upon the assumption by both parties that if there was any right of recovery for these damages it belonged to the plaintiff, and that the action therefor was maintainable by him.

It is clear that the point now taken was not upon the trial in the mind of the defendants' counsel, or, if it was, that he studiously and carefully kept it to himself.

The question now for the first time raised in this action is of great importance, and its disposition will affect many actions and large interests. It should be left for decision to a case where it has been litigated in the court below and

has been fairly presented by the evidence and rulings contained in the record. It is not now properly before us.

The judgment should therefore be affirmed, with costs.

All concur.